# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN GUARANTEE & | § | |
| LIABILITY INSURANCE CO., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1181 |
| | § | |
| WARREN TODD HOEFFNER, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This insurance case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 27] filed by Plaintiff American Guarantee & Liability Insurance Company ("American Guarantee"). In the Motion, American Guarantee seeks a declaration that it owes no duty to defend or to indemnify Defendants in connection with three lawsuits filed by former clients of Defendants. The Motion has been fully briefed.[1] Based on the Court's review of the record and the application of governing legal authorities, the Court **denies** American Guarantee's Motion.

---

[1] Defendant Warren Todd Hoeffner filed a Response [Doc. # 36]; Defendants Hoeffner & Bilek, LLP and Thomas E. Bilek filed a Response [Doc. # 37]; Defendant Hoeffner filed a Supplemental Response [Doc. # 38]; Plaintiff filed a Reply [Doc. # 40] to the Response filed by Hoeffner & Bilek, LLP and Thomas E. Bilek; and Plaintiff filed a Reply [Doc. # 42] to Hoeffner's Response.

## I.     BACKGROUND

American Guarantee issued a Lawyers Professional Liability Insurance Policy (the "Policy") to Hoeffner & Bilek, LLP.  Defendants Bilek and Hoeffner were attorneys and partners in the Hoeffner & Bilek law firm.

Hoeffner & Bilek represented many plaintiffs in silicosis litigation.  Hoeffner worked on the cases and settled the silicosis lawsuits.  Former clients, plaintiffs in the silicosis litigation, filed three lawsuits against Defendants alleging that Hoeffner participated in a kickback scheme that caused the plaintiffs' silicosis claims to be settled at arbitrary amounts and that resulted in millions of dollars in attorneys' fees for Hoeffner & Bilek.

Defendants filed a claim under the Policy and requested that American Guarantee provide a defense and indemnity for the three lawsuits.  American Guarantee agreed to provide a defense under a reservation of rights.  American Guarantee then filed this lawsuit and the pending Motion seeking a declaration that it owes no duty to defend or indemnify Defendants under the Policy.  The Motion is ripe for decision as to the duty to defend.[2]

---

[2]     Under Texas law, indemnity issues are justiciable only after a claim for coverage has been asserted against the insurer and the underlying lawsuit has been concluded by final judgment.  *See Farmers Tex. County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex. 1997); *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 529 (5th Cir. 2004).  As a result, the indemnity issue is not currently justiciable.

## II.     DUTY TO DEFEND

### A.     Applicable Legal Principles

An insurer owes its insured a duty to defend "if a plaintiff's factual allegations potentially support a covered claim." *Zurich Amer. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,* 197 S.W.3d 305, 310 (Tex. 2006)). In deciding whether an insurer has a duty to defend, the Court must follow the "eight-corners rule" that provides that the duty to defend is determined by the plaintiff's pleadings in the underlying lawsuit. *Id.* at 491. The focus is on the factual allegations in the underlying complaint, not on the legal theories. *See id.* at 495 (citing *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997)). The Court is required to "resolve all doubts regarding the duty to defend in favor of the duty" and to "construe the pleadings liberally." *Id.* at 491. "If a complaint potentially includes a covered claim, the insurer must defend the entire suit." *Id.*

If the complaint in the underlying lawsuit clearly alleges only facts that would exclude coverage under the insurance policy, there is no duty to defend. *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004) (citing *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982)). If, however, it is unclear from the complaint in the underlying lawsuit

whether the factual allegations fall within the policy's coverage, the "insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy." *See Zurich*, 268 S.W.3d at 491; *Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 368 (5th Cir. 2008).

"The duty to defend is not affected by facts ascertained before suit, developed in the course of litigation, or by the ultimate outcome of the suit." *Zurich*, 268 S.W.3d at 491 (citing *Trinity Universal Ins. Co. v. Cowan,* 945 S.W.2d 819, 829 (Tex. 1997)).

### B.    Factual Allegations in Underlying Lawsuits

Simon Dominguez filed a class action complaint against Defendants and others in the United States District Court for the Southern District of Texas, Corpus Christi Division ("Dominguez Lawsuit").[3] In that lawsuit, the plaintiffs allege specifically that their "case arises out of Hoeffner's legal representation of Plaintiffs" and that Hoeffner engaged in a kickback scheme whereby he "would recover substantial attorneys' fees." *See* Dominguez Lawsuit Complaint, Appendix 2 to Motion, ¶ 14. Plaintiffs in the Dominguez Lawsuit assert causes of action for negligence, gross negligence, and breach of fiduciary duty. They seek to recover, inter alia, their "actual . . .damages."

---

[3]    *Simon Dominguez, et al. v. The Hartford Financial Services Group, Inc., et al.*, Civil Action No. 2:07cv0285.

Ramiro Baenz and Victor Cantu filed a lawsuit against Defendants and others in the 229th Judicial District Court of Duval County, Texas ("Baenz Lawsuit").[4] In their lawsuit, Baenz and Cantu allege specifically that their "case arises out of Hoeffner's legal representation of Plaintiffs in the settlement of silicosis claims" and that Hoeffner engaged in a kickback scheme whereby he "would recover substantial attorneys' fees." *See* Baenz Lawsuit Original Petition, Appendix 2 to Motion, ¶ IV. Baenz and Cantu assert a variety of claims, including negligence, gross negligence, and breach of fiduciary duty. *See id.*, ¶ V. In addition to forfeiture of all fees, profit and gain obtained by Hoeffner, Baenz and Cantu seek monetary damages in the amount they would have recovered in the settlement of their silicosis claims "absent the negligence and/or fraud and/or breach of fiduciary duty by Defendants." *Id.*, ¶ VI.

Edward M. Avila and others filed a lawsuit against Defendants and others in the 234th Judicial District Court of Harris County, Texas ("Avila Lawsuit").[5] The plaintiffs in the Avila Lawsuit allege that Hoeffner, an attorney, and the law firm Hoeffner & Bilek "represented Plaintiffs in their legal claims for injuries and damages caused by silicosis." *See* Avila Lawsuit Original Petition, Appendix 2 to Motion,

---

[4] *Ramiro Baenz and Victor Cantu v. Hartford Insurance Company of the Midwest, et al.*, Cause No. DC-07-179.

[5] *Edward M. Avila, et al. v. The Hartford Financial Services Group, Inc., et al.*, Cause No. 2008-07160.

¶ 27. The Avila Plaintiffs allege that their attorneys engaged in a conspiracy with employees of The Hartford to settle Plaintiffs' claims for a certain amount, in exchange for a kickback from Hoeffner to The Hartford employees. *Id.*, ¶ 28. The Avila Plaintiffs allege that Hoeffner and his law firm received over $5 million in attorneys' fees from the kickback scheme. *Id.* The Avila Plaintiffs allege that "Defendants were negligent and failed to exercise reasonable care in their representation of Plaintiffs" in various ways. *Id.*, ¶ 30. The Avila Plaintiffs allege that they suffered actual damages as a result of Defendants' conduct, including damages caused by the settlement of their silicosis claims for amounts that were "neither fair nor reasonable." *Id.*, ¶ 35.

### C. Policy Language

The Policy provides coverage for "damages" that an insured becomes obligated to pay because of a claim "based on an act or omission in the Insured's rendering or failing to render Legal Services for others." *See* Policy, Appendix 1 to Motion, ¶ I(A). The Policy also provides a duty to defend any claim "based on an act or omission in the Insured's rendering or failing to render Legal Services for others, seeking Damages that are covered" by the Policy. *See id.*, ¶ I(B). The Policy excludes coverage if the act or omission that forms the basis for the claim occurred prior to the policy period and "prior to the inception date of the first policy issued . . . no Insured

had any basis (1) to believe that any Insured had breached a professional duty; or (2) to foresee that any such act or omission . . . might reasonably be expected to be the basis of a Claim against any Insured." *See id.*, ¶ I(A)(2).

The Policy defines a "Claim" to mean "a demand for money or Legal Services." *See id.*, ¶ VI(A). "Damages" is defined under the Policy to include "the monetary portion of any judgment, award or settlement . . ." and to exclude "personal profit or advantage to which the Insured was not legally entitled" and "punitive, exemplary or multiple damages." *See id.*, ¶ VI(E). "Legal Services" is defined in the Policy to mean "those services performed by an Insured as a licensed lawyer in good standing . . . but only where the act or omission was in the rendition of services ordinarily performed as a lawyer." *See id.*, ¶ VI(H).

The Policy excludes "any intentional, criminal, fraudulent, malicious or dishonest act or omission by an Insured, except that this exclusion shall not apply in the absence of a final adjudication or admission by an Insured that the act or omission was intentional, criminal, fraudulent, malicious or dishonest." *See id.*, ¶ III(A).

**D.     Analysis**

The complaints in the underlying lawsuits contain a claim for monetary relief based on an act or omission by Defendants in the rendering of legal services as the plaintiffs' attorneys in the silicosis litigation. American Guarantee argues that

engaging in a kickback scheme is not an act or omission "ordinarily performed as a lawyer" and, therefore, is not within the Policy's definition of "Legal Services." The claims in the underlying lawsuit, when construed broadly, allege an act by Hoeffner committed in connection with the settlement of the silicosis lawsuits, and settling lawsuits is a act ordinarily performed as a lawyer. As a result, the claims in the underlying lawsuit appear to fall within the definition of "Legal Services" under the Policy.

American Guarantee argues that claims for forfeiture, disgorgement, and punitive damages are not covered "Damages" under the Policy. In each of the underlying lawsuits, however, the plaintiffs seek monetary damages separate from any claims they assert for forfeiture or for punitive damages. Because at least part of the claim for relief requested by the plaintiffs in the underlying lawsuits is monetary damages as defined by the Policy, the presence of additional claims for damages not covered by the Policy does not eliminate American Guarantee's duty to defend.

American Guarantee also argues that Hoeffner had prior knowledge that he was breaching a professional duty and that he had a basis to foresee that his conduct could result in a claim under the Policy. To fall within the "prior knowledge" exception to coverage, the insured must have the relevant knowledge "prior to the inception date of the first policy issued" by the insurer. *See* Policy, ¶ I(A)(2). There are no

allegations in the underlying lawsuits that would indicate that, prior to the inception date of the first policy issued (May 21, 2006) Hoeffner knew that he was breaching a professional duty or had a basis to foresee that his conduct could result in a claim under the Policy. Although it appears clear from other sources that Hoeffner's alleged participation in the kickback scheme occurred before May 2006,[6] the duty to defend is determined based on the factual allegations in the complaint in the underlying lawsuit, and it is not affected by "facts ascertained before suit, developed in the course of litigation, or by the ultimate outcome of the suit." *See Zurich*, 268 S.W.3d at 491.

American Guarantee argues that there is no duty to defend because Hoeffner's conduct involved intentional, criminal, fraudulent, and dishonest acts. The "intentional acts" exclusion in the Policy applies only where there has been a final adjudication or admission by the insured "that the act or omission was intentional, criminal, fraudulent, malicious or dishonest." *See* Policy, ¶ III(A). American Guarantee argues that allegations by Hoeffner in cross-claims he has filed in the underlying lawsuits constitute admissions that his conduct was intentional. As was true for the "prior knowledge" provision, however, whether there is a duty to defend is decided based only on the factual allegations in the complaint in the underlying

---

[6] The timing of Hoeffner's knowledge may become relevant, if not dispositive, on the indemnity issue. As is discussed herein, however, the indemnity issue is not yet justiciable because the underlying lawsuits remain pending.

lawsuit, not on "facts ascertained before suit, developed in the course of litigation, or by the ultimate outcome of the suit." *See Zurich*, 268 S.W.3d at 491. There is nothing in the complaints in the underlying lawsuits to indicate that there has been a final adjudication or an admission by any insured that Hoeffner's conduct was intentional, criminal, fraudulent, malicious or dishonest. As a result, this exclusion does not preclude a duty to defend the underlying lawsuits.

### III.   CONCLUSION AND ORDER

Resolving all doubts regarding the duty to defend issue in favor of the insureds, the Court concludes that the three lawsuits contain factual allegations that -- taken as true and construed broadly -- potentially state a claim covered by the Policy. The indemnity issue is not yet justiciable because the underlying lawsuits remain pending. Accordingly, it is hereby

**ORDERED** that American Guarantee's Motion for Summary Judgment [Doc. # 27] is **DENIED**. The denial is without prejudice as to the duty to indemnify. It is further

**ORDERED** that this case is **STAYED AND ADMINISTRATIVELY CLOSED** pending final resolution of the underlying lawsuits, at which time Plaintiff may move for reinstatement of this case on the Court's active docket.

SIGNED at Houston, Texas, this 16th day of **January, 2009**.

P:\ORDERS\11-2008\1181MSJ.wpd   090116.1411

10

Nancy F. Atlas
United States District Judge