# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN GUARANTEE & <br> LIABILITY INSURANCE CO., <br>     Plaintiff, <br><br> v. <br><br> WARREN TODD HOEFFNER, <br> *et al.*, <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br><br> CIVIL ACTION NO. H-08-1181 |

## MEMORANDUM AND ORDER

This insurance case is before the Court on the Motion for Reconsideration ("Motion") [Doc. # 45] filed by Plaintiff American Guarantee & Liability Insurance Company ("American Guarantee"). American Guarantee seeks reconsideration, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, of the Court's denial of American Guarantee's Motion for Summary Judgment on the duty to defend issue. The Motion has been fully briefed.[1] Based on the Court's review of the record and the application of governing legal authorities, the Court **denies** American Guarantee's Motion.

---

[1] Defendants Hoeffner & Bilek, LLP and Thomas E. Bilek filed a Response [Doc. # 46]; Defendant Warren Todd Hoeffner filed a Response [Doc. # 48]; and Plaintiff filed a Reply [Doc. # 49].

## I.     BACKGROUND

American Guarantee issued a Lawyers Professional Liability Insurance Policy (the "Policy") to Hoeffner & Bilek, LLP. Defendants Bilek and Hoeffner were attorneys and partners in the Hoeffner & Bilek law firm.

Hoeffner & Bilek represented many plaintiffs in silicosis litigation. Hoeffner worked on the cases and settled the silicosis lawsuits. Former clients, plaintiffs in the silicosis litigation, sued Defendants alleging that Hoeffner participated in a kickback scheme that caused the plaintiffs' silicosis claims to be settled at arbitrary amounts and that resulted in millions of dollars in attorneys' fees for Hoeffner & Bilek.

Defendants filed a claim under the Policy and requested that American Guarantee provide a defense and indemnity for the lawsuits. American Guarantee agreed to provide a defense under a reservation of rights. American Guarantee then filed this lawsuit and a Motion for Summary Judgment seeking a declaration that it owes no duty to defend or indemnify Defendants under the Policy. The Court denied the Motion for Summary Judgment as to the duty to defend and determined that the indemnity issue was not yet ripe. *See* Memorandum and Order entered January 16, 2009 [Doc. # 44].

On March 13, 2009, almost two months after the Court's ruling on the duty to defend issue, Plaintiff filed its Motion for Reconsideration. American Guarantee

argues that the Court should have considered extrinsic evidence when deciding whether there was a duty to defend Defendants in the underlying lawsuits. The Motion has been fully briefed and is ripe for decision.

## II. <u>RULE 60(b)(6)</u>

American Guarantee seeks reconsideration of the denial of its Motion for Summary Judgment on its duty to defend the underlying lawsuits. A motion for reconsideration "is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005). Reconsideration of a decision after its entry "is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Where, as here, a party files a motion for reconsideration more than ten days after entry of the challenged order, the party must meet the standards of Rule 60(b) to obtain relief. *See, e.g., Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 327 n.1 (5th Cir. 2004) ("If the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion."). American Guarantee clarifies in its Reply that it seeks relief under Rule 60(b)(6).

Rule 60(b)(6) permits relief "for any other reason justifying relief from the operation of the judgment." FED R. CIV. P. 60(b)(6); *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005). Rule 60(b)(6) is "a residual or catchall provision . . . to accomplish justice under exceptional circumstances." *Edwin H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). Indeed, Rule 60(b)(6) relief should be granted only where extraordinary circumstances are present. *See Ackerman v. United States*, 340 U.S. 193, 201 (1950); *Hesling*, 396 F.3d at 642.

American Guarantee argues that the Court should have considered extrinsic evidence when deciding whether there was a duty to defend the underlying lawsuits. Under well-established Texas law, an insurer owes its insured a duty to defend "if a plaintiff's factual allegations potentially support a covered claim." *Zurich Amer. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490 (Tex. 2008) (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church,* 197 S.W.3d 305, 310 (Tex. 2006)). "The duty to defend is not affected by facts ascertained before suit, developed in the course of litigation, or by the ultimate outcome of the suit." *Id*. at 491 (citing *Trinity Universal Ins. Co. v. Cowan,* 945 S.W.2d 819, 829 (Tex. 1997)). American Guarantee nevertheless argues that the Court should follow the Third Circuit's decision in *Selko v. Home Ins. Co.*, 139 F.3d 146 (3rd Circuit), and consider extrinsic evidence. In *Selko*, the Third Circuit affirmed a decision from the United States District Court for

the Eastern District of Pennsylvania holding that an attorney's pre-policy period misconduct was not covered under the professional liability policy. *Id.* at 154. The Third Circuit, without any discussion of the "eight-corners" rule and without distinguishing between the duty to defend and the duty to indemnify, based its decision on the attorney's deposition testimony.

The Third Circuit case, however, is contrary to the law in Texas. Indeed, it appears that the Third Circuit does not recognize the "eight-corners" rule, as the Court's research has discovered no cases from that circuit that use the term or that discuss the use of extrinsic evidence to determine a duty to defend. The *Selko* case is neither binding nor persuasive.

American Guarantee also argues that the language in the Policy "requires" the Court to consider extrinsic evidence. This argument is not supported by the Policy language. The Policy describes circumstances under which there would be no coverage, but there is no language in the Policy that discusses, much less requires, the consideration of extrinsic evidence when deciding whether there is a duty to defend. The Policy language does not provide extraordinary circumstances that would justify the relief American Guarantee requests in its Motion.

In its Motion for Summary Judgment, American Guarantee argued that the "prior knowledge" exception to coverage applied because Hoeffner had knowledge

of his misconduct "prior to the inception date of the first policy issued" by the insurer. *See* Policy, ¶ I(A)(2). The Court noted, however, that there were no allegations in the underlying Complaints that would indicate that, prior to the inception date of the first policy issued (May 21, 2006), Hoeffner knew that he was breaching a professional duty or had a basis to foresee that his conduct could result in a claim under the Policy. American Guarantee now notes that the Complaint in the *Dominguez* Lawsuit[2] mentions the Indictment returned against Defendant Hoeffner and that the Indictment contains relevant dates to establish the "prior knowledge" exclusion. American Guarantee argues that, as to the duty to defend the *Dominguez* lawsuit, the reference to the Indictment necessarily incorporates the entire Indictment into the Complaint and, as a result, the Indictment is not extrinsic evidence. American Guarantee cites no legal authority for its argument that mentioning isolated provisions of a document in the factual background section of a Complaint necessarily incorporates the entire document into the Complaint for purposes of the "duty to defend" analysis. Indeed, such a rule would be contrary to the "eight-corners" rule, which "takes its name from the fact that *only two documents* are ordinarily relevant to the determination of the duty to defend: the policy and the pleadings" in the underlying lawsuit. *See Fed. Ins.*

---

[2]  *Simon Dominguez, et al. v. The Hartford Financial Services Group, Inc., et al.*, United States District Court for the Southern District of Texas, Corpus Christi Division, Civil Action No. 2:07cv0285.

*Co. v. Everest Nat'l Ins. Co.*, 257 S.W.3d 771, 776 (Tex. App. -- Dallas 2008, *review denied*) (emphasis added) (citing *GuideOne*, 197 S.W.3d at 308). The argument does not present extraordinary circumstances that would allow relief under Rule 60(b)(6).

### III.   CONCLUSION AND ORDER

American Guarantee has failed to demonstrate extraordinary circumstances that justify relief under Rule 60(b)(6). The Court's prior ruling was based on well-established Texas legal authority. Accordingly, it is hereby

**ORDERED** that American Guarantee's Motion for Reconsideration [Doc. # 45] is **DENIED**.

SIGNED at Houston, Texas, this **15th** day of **April, 2009.**

_____
Nancy F. Atlas
United States District Judge